

1   E. JEFFREY GRUBE (SB# 167324)
    ELIZABETH A. FALCONE (SB# 219084)
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
3   Twenty-Fourth Floor
    San Francisco, CA 94105-3441
4   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
5   jeffgrube@paulhastings.com
    elizabethfalcone@paulhastings.com
6

7   HUNTER R. HUGHES (*pro hac vice application forthcoming*)
    ASHLEY R. HURST (*pro hac vice application forthcoming*)
8   ROGERS & HARDIN LLP
    229 Peachtree St., NE
9   International Tower, Suite 2700
    Atlanta, GA 30303
10  Telephone: (404) 522-4700
    Facsimile: (404) 525-2224
11  AHurst@rh-law.com
    HHughes@rh-law.com
12

    Attorneys for Defendants
13  SPRINT/UNITED MANAGEMENT COMPANY and
    SPRINT NEXTEL CORPORATION
14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17

18  JENA LIPNICK AND JENNIFER FONG,        CASE NO. _____
    individually, and on behalf of a class of
19  other similarly situated,               (Superior Court of California, County of San
                                            Mateo, Case No. CIV 463110)
20          Plaintiffs,

21      vs.                                 **NOTICE OF REMOVAL TO FEDERAL
                                            COURT; DECLARATION OF E. JEFFREY
22  SPRINT/UNITED MANAGEMENT                GRUBE IN SUPPORT THEREOF**
    COMPANY and SPRINT NEXTEL
23  CORPORATION,

24          Defendants.

25

26

27

28

---

NOTICE OF REMOVAL

1   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2   NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFFS JENA LIPNICK AND

3   JENNIFER FONG, AND TO THEIR ATTORNEYS OF RECORD, DAVID BORGEN, ESQ.,

4   LAURA L. HO, ESQ., GEORGE A. HANSON, ESQ., NORMAN E. SIEGEL, ESQ., AND

5   MATTHEW L. DAMERON, ESQ.:

6

7        PLEASE TAKE NOTICE THAT Defendants Sprint/United Management Company and

8   Sprint/Nextel Corporation ("Defendants") hereby remove this action from the Superior Court of

9   the State California for the County of San Mateo to the United States District Court for the

10  Northern District of California. This removal is based on two alternative bases for removal: first,

11  it is based on federal question jurisdiction, pursuant to 28 U.S.C. Sections 1331, 1367, and

12  1441(b), second, it is based on diversity of citizenship jurisdiction under 28 U.S.C. Sections 1332

13  (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9) and

14  1441(a) and (b). Removal is proper for the reasons stated below:

15
                      **REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**
16

17       1.      On or about May 18, 2007, Plaintiffs Jena Lipnick and Jennifer Fong ("Plaintiffs")

18  filed a Complaint for Damages in the Superior Court of the State of California for the County of

19  San Mateo entitled: "*Jena Lipnick and Jennifer Fong, individually, and on behalf of a class of*

20  *other similarly situated, Plaintiffs, vs. Sprint/United Management Company and Sprint Nextel*

21  *Corporation, Defendants,*" designated as Case No. CIV 463110. The Complaint alleges six

22  purported causes of action against Defendants: (1) violation of the Fair Labor Standards Act, 29

23  U.S.C. Section 201, *et seq.*, (2) failure to pay overtime wages in violation of California Labor

24  Code Sections 510 and 1198; (3) failure to provide meal and rest periods in violation of

25  California Labor Code Sections 226.7 and 512; (4) alleged unpaid waiting time penalties pursuant

26  to California Labor Code Section 203; (5) failure to furnish itemized wage statements pursuant to

27  California Labor Code Section 226(a); and (6) violation of California Business & Professions

28

1    Code Section 17200. A copy of the Summons and Complaint are attached as Exhibit "A" to the

2    Declaration of E. Jeffrey Grube ("Grube Declaration"), attached hereto.

3         2.    On May 30, 2007, Plaintiffs, through their counsel, caused a copy of the Summons

4    and Complaint to be served on counsel for Defendants. *See* Grube Declaration, ¶ 2. The

5    Complaint is the initial pleading setting forth the claim for relief upon which this action is based

6    and may be removed. On May 18, 2007, on or about the same time that the Complaint was filed,

7    Plaintiffs also filed a Certificate Re: Complex Case Designation, a Consent to Become a Party

8    Plaintiff by Jennifer L. Fong, and a Consent to Become a Party Plaintiff by Jena Lipnick. True

9    and correct copies of those pleadings are attached to the Grube Declaration as Exhibits "B," "C,"

10   and "D," respectively.

11        3.    On June 14, 2007, Defendants filed an unverified answer in the Superior Court for

12   the State of California, County of San Mateo. A true and correct copy of that answer is attached

13   to the Grube Declaration as Exhibit "G." Other than as set forth herein, no other initial pleadings

14   have been filed by either Plaintiffs or Defendants prior to June 18, 2007. Accordingly, this

15   Notice of Removal is being filed within thirty (30) days after receipt by Defendants of the initial

16   pleading and is timely filed pursuant to 28 U.S.C. Section 1446(b).

17        4.    Notice of this removal is being given to both the adverse party and the state court

18   pursuant to 28 U.S.C. Section 1446(d). *See* Grube Declaration, ¶ 3. Exhibits "A" – "G"

19   constitute all process, pleadings and orders served on or by Defendants in this action. *See* Grube

20   Declaration, ¶ 3.

21        5.    This is a civil action over which this Court has original jurisdiction under 28

22   U.S.C. Sections 1331, 1367, and 1441(b). Plaintiffs' fifth cause of action is based entirely on

23   alleged violations of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. Sections 207 and 213. *See*

24   Plaintiffs' Complaint, ¶¶ 64-73. Accordingly, Defendants may remove this action because it

25   arises "under the Constitution, laws, or treatises of the United States." 28 U.S.C. §§ 1331, 1441.

26        6.    Pursuant to 28 U.S.C. Section 1367(a), the Court has supplemental jurisdiction

27   over Plaintiffs' remaining causes of action because they are substantially related to Plaintiffs'

28   cause of action for violation of the FLSA. Because these causes of action arise from the same

-3-

1    common nucleus of operative facts as does the fifth cause of action for violation of the FLSA, all

2    should be tried in one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th

3    Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants strongly

4    favor this Court exercising jurisdiction over Plaintiffs' entire Complaint. *United Mine Workers v.*

5    *Gibbs*, 383 U.S. 715, 725-26 (1996).

6         7.    Accordingly, this entire action may properly be removed to this Court.

## REMOVAL BASED ON DIVERSITY JURISDICTION

9         In the alternative, removal is appropriate based on diversity jurisdiction, pursuant to 28

10    U.S.C. Section 1332.

11        8.    This is a civil action over which this Court has jurisdiction because of diversity of

12    citizenship between the parties and the amount in controversy.

13        9.    The Complaint, filed after February 15, 2005, commenced the action by Jena

14    Lipnick and Jennifer Fong, individually and on behalf of the class of persons they seek to

15    represent. *See* Plaintiffs' Complaint, ¶ 2.

16        10.    According to the Complaint, the purported class is "believed to number in the

17    hundreds of persons." *See* Plaintiffs' Complaint, ¶ 32.

18        11.    The Complaint may be properly removed on the basis of diversity of citizenship

19    jurisdiction pursuant to 28 U.S.C. Section 1332(d)(2), in that it is a class action in which the

20    named Plaintiffs, Jena Lipnick and Jennifer Fong, are citizens of a state different from Defendants

21    and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

22    costs, for the following reasons:

23        (a)    Plaintiffs allege that they are citizens of the State of California within the meaning

24    of 28 U.S.C. Section 1332(a), because at all relevant times, they were domiciled in (residents of)

25    the State of California. *See* Plaintiffs' Complaint, ¶ 14.

26        (b)    Defendant Sprint/United Management Company is a Kansas corporation with its

27    principal place of business in Overland Park, Kansas. *See* Plaintiffs' Complaint, ¶ 12; *see also*

28    concurrently-filed Declaration of Scott W. Andreasen in Support of Notice of Removal to Federal

-4-

1   Court ("Andreasen Declaration"), ¶ 3.  Defendant Sprint Nextel Corporation is a Kansas

2   corporation with its principal place of business in Reston, Virginia.  *See* Plaintiffs' Complaint,

3   ¶ 13; *see also* Andreasen Declaration, ¶ 2.  Consequently, Defendants are citizens of the States of

4   Kansas and Virginia within the meaning of 28 U.S.C. Section 1332(a), and the named Plaintiffs

5   are citizens of California.

6         (c)    The amount in controversy here exceeds $5,000,000.  The Complaint alleges the

7   existence of hundreds of alleged putative class members.  *See* Plaintiffs' Complaint, ¶ 13.

8   Plaintiffs seek, *inter alia*, the following damages on behalf of themselves and each putative class

9   member: (i) alleged unpaid wages and overtime; (ii) penalties for missed meal and rest periods in

10   the form of one hour's pay for each alleged missed meal or rest period; (iii) a waiting time

11   penalty of up to 30 days' wages for any putative class member whose employment has ended, due

12   to alleged failure to timely pay all wages upon termination of employment; (iv) damages of up to

13   $4,000 per putative class member for alleged failure to provide timely, itemized wage statements,

14   and (iv) liquidated damages under the 29 U.S.C. Section 216(b) of the FLSA.  *See* Plaintiffs'

15   Complaint, ¶¶ 46, 53, 54, 59, 62, 72, and Prayer for Relief.

16        12.    Plaintiffs' class and collective action Complaint seeks an unspecified amount of

17   general and liquidated damages, statutory penalties, equitable relief in the form of "restitution of

18   monies due," and costs and attorneys' fees in connection with the causes of action set forth in the

19   Complaint.  *See* Plaintiffs' Complaint, ¶¶ 46, 53, 55, 59, 62, 72, 73, 78, 80, and Prayer for Relief.

20   Plaintiffs' failure to specify in their Complaint the specific dollar amount of damages Plaintiffs

21   seek does not deprive this Court of jurisdiction.  *See White v. J.C. Penney Life Ins. Co.*, 861

22   F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding

23   the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were

24   otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar

25   value upon its claim.").

26        13.    Based on the nature of the allegations and the damages sought, Plaintiffs have

27   placed in controversy an amount exceeding $5,000,000 exclusive of costs and interest.  In

28   determining whether a complaint meets the monetary threshold of 28 U.S.C. Section 1332, a

-5-

1    court may consider the aggregate value of claims for compensatory and punitive damages, as well

2    as attorneys' fees. *See, e.g., Bell v. Preferred Life Ass'y*, 320 U.S. 238, 240 (1943) ("Where

3    both actual and punitive damages are recoverable under a complaint, each must be considered to

4    the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC*

5    *Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.) *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may

6    be taken into account to determine jurisdictional amount).

7          14.     There are approximately 240 account service representatives currently employed

8    by Sprint/United Management Company in California. *See* concurrently-filed Declaration of

9    Dianne Drever in Support of Defendants' Notice of Removal of Action to Federal Court ("Drever

10    Declaration"), ¶ 3. The number of account service representatives employed by Sprint/United

11    Management Company in California has ranged between 170 and 250 between 2003 and 2007,

12    with 215 being the average number of account representatives employed in a given year in that

13    time period. *See* Drever Declaration, ¶ 3. The average wage rate of account service

14    representatives between May 2003 and the present is $15.63 per hour. *See* concurrently-filed

15    Declaration of Teresa Salinas, ¶ 2. Assuming *arguendo* that Plaintiffs' legal claims for failure to

16    be paid for pre-shift and post-shift work have merit and that every single putative class member is

17    owed no less than one hour's additional wages per day (at an overtime rate of time and a half) and

18    one hour's pay for missed meal and rest periods per day, assuming *arguendo* that a four-year

19    statute of limitations applies, and assuming *arguendo* that each putative class member worked

20    240 days per year, that would be approximately $8,065,080.00 in claimed damages based on just

21    two of the causes of action pled. Thus, calculating potential damages for just two of Plaintiffs'

22    six causes of action, Plaintiffs have placed in controversy an amount in excess of $5,000,000.

23    ///

24    ///

25    ///

26    ///

27    ///

28

-6-

1    WHEREFORE, Defendants remove the above-entitled action now pending in the Superior

2  Court of the State of California for the County of San Mateo to this Court.

3

4  DATED:  June 18, 2007            E. JEFFREY GRUBE
                                    ELIZABETH A. FALCONE
5                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP

6
                                    By:_____
7                                              E. JEFFREY GRUBE

8                                   Attorneys for Defendants
                                    SPRINT/UNITED MANAGEMENT COMPANY and
9                                   SPRINT NEXTEL CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

## DECLARATION OF E. JEFFREY GRUBE

I, E. Jeffrey Grube, declare and state as follows:

1.      I am a partner in the law firm of Paul, Hastings, Janofsky & Walker, LLP ("Paul Hastings"), attorneys of record for Defendants Sprint/United Management Company and Sprint Nextel Corporation ("Defendants"), and am admitted to practice before this Court and the courts of the State of California.  Except as otherwise indicated, I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would testify competently thereto.

2.      A true and correct copy of the Summons and Complaint in the form I received on behalf of Defendants on May 30, 2007, is attached hereto as Exhibit "A."  Exhibit "A" is the initial pleading received by Defendants.  The only other pleadings filed by Plaintiffs in this matter are a Certificate Re: Complex Case Designation, a Consent to Become a Party Plaintiff by Jennifer L. Fong, and a Consent to Become a Party Plaintiff by Jena Lipnick, true and correct copies of which are attached hereto as Exhibits "B," "C," and "D," respectively.  Plaintiffs also served on Defendant a Notice of Case Management Conference and a Notice of Complex Case Status Conference which were issued by the California state court, true and correct copies of which are attached hereto as Exhibits "E" and "F."

3.      Defendants filed an unverified Answer to Plaintiffs' Complaint on June 14, 2007, a true and correct copy of which is attached hereto as Exhibit "G."  Notice of this removal is being given both to the adverse party and to the state court pursuant to 28 U.S.C. Section 1446(d).  True and correct copies of the Notice to Adverse Parties of Removal to Federal Court and to the State Court are attached hereto as Exhibits "H" and "I," respectively.  Exhibits "A," "B," "C," "D," "E," "F," "G," "H," and "I," constitute all process, pleadings, and orders served on or by

///
///
///
///

1    Defendants in this action to date.

2        I declare under penalty of perjury under the laws of the United States of America and the

3    State of California that the foregoing is true and correct, executed this 18th day of June, 2007 in

4    San Francisco, California.

5

6    _____
                    E. Jeffrey Grube

7

8    LEGAL_US_W # 56454866.2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF E. JEFFREY GRUBE

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SPRINT / UNITED MANAGEMENT COMPANY and
SPRINT NEXTEL CORPORATION

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**E-FILED**
SAN MATEO COUNTY
MAY 18, 2007

Clerk of the Superior Court
By ___U. FINAU___
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENA LIPNICK AND JENNIFER FONG, individually, and on behalf of a
class of others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*

**CASE NUMBER:**
*(Número del Caso:)*
**CIV 463110**

San Mateo County Superior Court
400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

David A. Borgen                                        510/763-9800
Laura L. Ho
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000, Oakland, CA 94612

DATE: May 18, 2007        **JOHN C. FITTON**        **U Finau**                    , Deputy
*(Fecha)* 5/18/07                                  Clerk, by _____
                                                  *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

1  DAVID BORGEN, CA Bar No. 099354
   LAURA L. HO, CA Bar No. 173179
2  GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
   300 Lakeside Drive, Suite 1000
3  Oakland, California 94612
   Tel: 510-763-9800
4  Fax: 510-835-1417

5  GEORGE A. HANSON (pro hac vice application forthcoming)
   NORMAN E. SIEGEL (pro hac vice application forthcoming)
6  MATTHEW L. DAMERON (pro hac vice application forthcoming)
   STUEVE SIEGEL HANSON LLP
7  330 West 47th Street, Suite 250
   Kansas City, Missouri 64112
8  Tel: 816-714-7100
   Fax: 816-714-7101

9
   Attorneys for Plaintiffs
10

11           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    COUNTY OF SAN MATEO

13
   JENA LIPNICK AND JENNIFER FONG,          CLASS/COLLECTIVE ACTION
14 individually, and on behalf of a class of others
   similarly situated,                       Case No.   CIV 463110
15
            Plaintiffs,
16                                            COMPLAINT FOR DAMAGES; JURY
   vs.                                        TRIAL DEMANDED
17
   SPRINT / UNITED MANAGEMENT
18 COMPANY and
   SPRINT NEXTEL CORPORATION,
19
            Defendants.
20

21

22

23

24

25

26

27

28

E-FILED
SAN MATEO COUNTY
MAY 18, 2007
Clerk of the Superior Court
By _____ U. FINAU
DEPUTY CLERK

1    Plaintiffs, Jena Lipnick and Jennifer Fong, individually and on behalf of all others similarly

2    situated, by and through their counsel, for their Complaint against Sprint/United Management

3    Company and Sprint Nextel Corporation (collectively "Sprint" or "Defendants") hereby state and

4    allege as follows:

5        1.    Sprint provides communication services to consumers nationwide.  Sprint's practice and

6    policy is to deny wages and overtime pay to its telephone-dedicated account service representative

7    (also referred to interchangeably as "customer service representative," "customer service tech. support

8    representative," "customer care specialist" and "specialist") employees at its call center facilities.

9    Sprint's deliberate failure to pay employees their earned wages and overtime compensation violates

10   California wage and hour laws and the federal Fair Labor Standards Act ("FLSA").

11       2.    Plaintiffs currently work as account service representatives ("ASRs") at Sprint's call

12   center facility in Rancho Cordova, California.  This lawsuit is brought as a collective action under the

13   FLSA and as a class action under California law to recover unpaid wages and other applicable

14   liquidated damages, penalties, and interest owed to Plaintiffs and all other similarly situated workers

15   employed in Sprint call centers in California.

16       3.    The United States Supreme Court recently held that, among other things, preparatory

17   work duties that are integral and indispensable to the principal work activity are compensable under

18   the FLSA. *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005).  Although *Alvarez* arose in the donning and

19   doffing context in a meat processing plant, its holding is directly applicable to the customer service call

20   centers operated by Sprint.

21       4.    Plaintiffs and similarly situated employees engage in numerous preparatory activities,

22   as well as related work activities performed over breaks and at the end of the work day, that are

23   integral and indispensable for them to perform their customer service duties.  It is Sprint's policy and

24   practice not to pay ASRs for this work time, and consequently ASRs are consistently working "off the

25   clock" and without pay.  Accordingly, under the holding of *Alvarez*, as well as under consistent rulings

26   and interpretations of the United States Department of Labor and under the laws of the State of

27   California, Plaintiffs and all similarly situated employees are entitled to compensation for the time they

28   spend working pre-shift, post-shift and over unpaid meal breaks.

## I.  JURISDICTION

5.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for unpaid overtime wages and interest under Cal. Labor Code § 1194.

6.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for penalties for Sprint's failure to pay wages of former employees under Cal. Labor Code § 203.

7.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for wages for Sprint's failure to provide legally required meal and rest periods under Cal. Labor Code § 218.

8.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for damages for Sprint's failure to provide proper itemized wage statements under Cal. Labor Code § 218.

9.     This Court has jurisdiction over Plaintiffs' and Class Members' FLSA claims for unpaid overtime wages, liquidated damages and interest under 29 U.S.C § 216(b).

10.    This Court has jurisdiction over Plaintiffs' and Class Members' claims for injunctive relief and restitution of unpaid wages and other ill-gotten benefits arising from Defendant's unlawful and/or unfair business practices under Business & Professions Code §§ 17203 and 17204.

## II.  VENUE

11.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a). Defendants maintain headquarters or other offices, transact business, and/or have agents in San Mateo County, and Defendants are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California. Defendant Sprint/United Management's principal place of business in California is in Burlingame, in San Mateo County.

## III.  PARTIES

12.    Sprint/United Management Company is a Kansas corporation with its principal place of business in Overland Park, Kansas. Sprint/United Management Company is a wholly-owned subsidiary of Sprint Nextel Corporation. Sprint/United Management Company does business in the State of California and nationwide. Sprint/United Management Company's principal place of business in California is in Burlingame, California.

13.     Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Reston, Virginia. Sprint Nextel Corporation does business in the State of California and nationwide.

14.     Plaintiffs are residents of California, and are currently employed by Sprint as ASRs in California. Plaintiffs' Consents to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) are filed simultaneously with this Complaint.

## GENERAL ALLEGATIONS

15.     Sprint operates call centers across the country, including a call center located in Rancho Cordova, California.

16.     The principal job duty of a Sprint ASR is to take inbound calls from new or existing Sprint customers in order to activate or update accounts, assist with billing inquiries, and handle service or equipment issues. ASRs also update and educate customers on Sprint products and services while selling and/or suggesting Sprint services.

17.     Sprint paid Plaintiff and its other ASR workers on an hourly basis, and classified Plaintiff and other ASRs as "non-exempt" from the overtime requirements of the FLSA and California law.

18.     ASRs at Sprint's call centers are not allowed to accurately or independently record the time they work. Instead, Sprint provides ASRs at its Rancho Cordova facility with a weekly timesheet that already designates the hours worked. For example, a timesheet provided by Sprint will designate the ASR's time worked as reflecting only their scheduled shift for a total of eight (8) hours per week and forty (40) hours per week. Sprint ASRs are not allowed to change the times of their shifts, even if they work in excess of eight (8) hours per day and/or forty (40) hours per week.

19.     The eight (8) hours per day and/or forty (40) hours per week on Sprint's timesheets reflects only the time that ASRs are scheduled to work answering calls from Sprint customers. The timesheets do not include time that ASRs spend performing integral and indispensable job duties performed pre-shift, post-shift and over unpaid meal breaks.

20.     According to Sprint policy, ASRs must be "ready to work" at the beginning of their scheduled shift. "Ready to work" means that the ASR must be ready to answer a call from a Sprint customer.

21.    A number of critical tasks must be performed before an ASR is ready to answer a call from a Sprint customer.  Those tasks include:  (1) booting up computers; (2) logging on to Sprint's network; (3) opening relevant computer programs; (4) reviewing memoranda and e-mail relating to Sprint's promotions and other services; (5) performing account maintenance, "reworks,"  follow-ups with customers and summarizing notes from previous telephone calls; and (6) completing other essential tasks.  ASRs perform many of these essential tasks before their shifts begin, during their designated rest and lunch breaks, and after their shifts are completed.

22.    Sprint does not pay its ASRs for these integral and indispensable tasks that are necessary for the ASRs' principal activity of assisting Sprint customers.  Moreover, the time spent performing these tasks is not included on the pre-populated timesheets that Sprint provides to its ASRs and Sprint does not allow ASRs to add the time spent performing these duties on their timesheets.

23.    The ASRs' review of memoranda and materials concerning Sprint's methods and procedures is particularly important and time consuming due to the nature of their work.  ASRs provide advice and expert assistance to Sprint's customers.  Thus, ASRs need to be knowledgeable about the range of equipment and services being provided by Sprint, including billing rates and policies, equipment prices and features, and policies for crediting overcharged customers.  With such information constantly changing, ASRs are required to continually update themselves on the latest information.  Time spent by Sprint's ASRs reviewing the memoranda and updated materials is generally not recorded or compensated.

24.    Another example of employees working off the clock involves seating assignments.  Sprint does not have designated workstations for ASR employees at its Rancho Cordova call center.  Consequently, ASRs must arrive to work early in part to ensure they have sufficient time to find a seat before their shift starts.  Significant time spent looking for a seat, waiting for a seat, and changing the location of an ASR's workstation, is all performed on an employee's own time and off the clock.

25.    Sprint could easily and accurately record the actual time ASR employees spend working including, for example, by placing a time clock at the door of the call center.  In fact, Sprint requires ASR employees to swipe a security badge that automatically records when they arrive at the call center, but this system is not used for payroll.  Instead, Sprint provides ASRs with pre-populated

4

1    timesheets that reflect their scheduled eight-hour day and/or forty-hour workweek and does not allow

2    them to add additional time, even though ASRs are routinely required to work in excess of eight (8)

3    hours per day and/or forty (40) hours per week.

4        26.    Sprint follows the same policy and practice with respect to all ASRs at its California

5    call centers.

6        27.    The net effect of Sprint's policy and practice, instituted and approved by company

7    managers, is that Sprint willfully fails to pay overtime compensation and willfully fails to keep

8    accurate time records. Sprint enjoys ill-gained profits at the expense of its hourly employees.

9        28.    Because they share common management, as well as common payroll policies and

10    practices, Sprint/United Management Company and Sprint Nextel Corporation are jointly and severally

11    liable to ASRs for their violation of the FLSA and California law.

12    **CLASS AND COLLECTIVE ALLEGATIONS**

13        29.    Plaintiffs bring the First, Second, Third, Fourth, and Sixth Causes of Action as a class

14    action pursuant to California Code of Civil Procedure section 382, on behalf of themselves and as the

15    Class Representatives of the following persons:

16            All current and former telephone dedicated employees, including account service

17            representatives, employed by Sprint in the State of California within the last four years.

18        30.    Plaintiffs' state law claims, if certified for class wide treatment, may be pursued by all

19    similarly-situated persons who do not opt-out of the Class.

20        31.    Plaintiffs' state law claims satisfy the requirements of Cal. Code of Civ. Pro. § 382.

21        32.    The class satisfies the numerosity standards. The class is believed to number in the

22    hundreds of persons. As a result, joinder of all class members in a single action is impracticable.

23    Class members may be informed of the pendency of this class action through direct mail.

24        33.    There are questions of fact and law common to the class that predominate over any

25    questions affecting only individual members. The questions of law and fact common to the class

26    arising from Sprint's actions include, without limitation, the following:

27            (i)    Whether Sprint failed to pay its employees the wages due and owing to them;

28            (ii)    Whether Sprint failed to provide required meal and rest periods;

(iii)    Whether Sprint failed to pay all compensation due and owing at termination of employment;

(iv)    Whether Sprint failed to provide required itemized wage statements; and,

(v)     Whether Sprint's conduct constituted a violation of the California Business and Professions Code §§ 17200, *et seq.*

34.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

35.    Plaintiffs' claims are typical of those of the class in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

36.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Sprint has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Sprint, and/or substantially impair or impede the ability of class members to protect their interests.

37.    Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

38.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

39.    Plaintiffs bring the Fifth Cause of Action, the FLSA claim, individually and as an "opt-in" collective action for all those similarly situated in California pursuant to 29 U.S.C. § 216(b).

40.    The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Sprint, and potential class members may easily and quickly be notified of the pendency of this action.

## FIRST CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of California State Law

**(Brought Against Sprint by Plaintiffs Individually and on
Behalf of All Others Similarly Situated)**

41.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 40.

42.    Throughout the liability period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code section 510 required the payment of overtime premium(s) of one and one-half times the regular rate for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek.  This premium increases to double-time for all hours worked over twelve in a single workday or eight on the seventh day worked in a single workweek.

43.    Plaintiffs often worked in excess of the maximum number of hours allowed by law without payment of the applicable overtime premiums.

44.    Sprint failed to pay Plaintiffs the overtime required by California law.

45.    Sprint's failure to pay the correct amount of overtime violates IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198.

46.    Because Sprint failed to pay overtime as required by law, Plaintiffs are entitled under California Labor Code §§ 218.6 and 1194 to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

///

///

///

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED - CASE NO. _____

## SECOND CAUSE OF ACTION

Failure to Provide Meal and Rest Periods in Violation of California State Law

(Brought Against Sprint by Plaintiffs Individually and
on Behalf of All Others Similarly Situated)

47.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 46.

48.    Plaintiffs regularly worked in excess of five hours per day without being afforded at least one half-hour meal period in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 (8 C.C.R. § 11040).

49.    Plaintiffs regularly worked in excess of ten hours per day without being afforded two half-hour meal periods in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 (8 C.C.R. § 11040).

50.    Plaintiffs regularly worked in excess of four hours per day without being afforded a ten-minute rest period.

51.    Plaintiffs regularly worked in excess of eight hours per day without being afforded either or both of the two ten-minute rest periods as required by California Labor Code § 226.7 and IWC Wage Order No. 4 (8 C.C.R. § 11040).

52.    Plaintiffs regularly worked shifts in excess of twelve hours per day without being afforded any or all of the three ten-minute periods as required by California Labor Code § 226.7 and IWC Wage Order No. 4 (8 C.C.R. § 11040).

53.    For each day that Plaintiffs and putative class members were not provided one or more required meal period, each Plaintiff and putative class member is entitled to recover backpay wages in the amount of one additional hour of pay at the employee's regular rate of compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4 (8 C.C.R. § 11040).

54.    For each day that Plaintiffs and putative class members were not provided one or more required rest period, each Plaintiff and putative class member is entitled to recover backpay wages in the amount of one additional hour of pay at the employee's regular rate of compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4 (8 C.C.R. § 11040).

55.    Plaintiffs and class members are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

### THIRD CAUSE OF ACTION

**Failure to Pay All Compensation Due and Owing at Termination in Violation of California State Law**

**(Brought Against Sprint by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

56.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 55.

57.    California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

58.    California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within seventy-two hours of that employee's notice of resignation.

59.    California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue as a penalty for a period of up to thirty days.

60.    Sprint has willfully failed to pay all compensation and wages due and owing to ASRs whose employment with Sprint has terminated.  As a result, Sprint is liable to former ASRs for penalties in an amount to be determined at trial.  Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the penalties pursuant to California Labor Code § 218.5.

### FOURTH CAUSE OF ACTION

**Failure to Furnish Correct Itemized Wage Statements**

**(Brought Against Sprint by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

61.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 60.

62.    California Labor Code § 226 (a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, inter alia, the total hours worked by the employee.  California Labor Code § 226 (e) provides that if an employer knowingly and

1   intentionally fails to provide a statement itemizing, inter alia, the total hours worked by the employee,

2   then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the

3   initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand

4   dollars ($4000).

5         63.    Defendant knowingly and intentionally failed to furnish, and continues to knowingly

6   and intentionally fail to furnish Plaintiffs and Class Members with timely, itemized statements showing

7   the total hours worked by each of them, as required by California Labor Code § 226 (a), and Plaintiffs

8   and Class Members have suffered injury as a result.  Accordingly, Defendant is liable to Plaintiffs and

9   Class Members for the amounts provided by California Labor Code § 226 (e).

10  **FIFTH CAUSE OF ACTION**

11  **Violation of the Fair Labor Standards Act of 1938**

12  **(Brought Against Sprint by Plaintiffs Individually and
    on Behalf of All Others Similarly Situated)**

13

14        64.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 63.

15        65.    At all times material herein, Plaintiffs have been entitled to the rights, protections, and

16  benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

17        66.    The FLSA regulates, among other things, the payment of overtime pay by employers

18  whose employees are engaged in interstate commerce, or engaged in the production of goods for

19  commerce, or employed in an enterprise engaged in commerce or in the production of goods for

20  commerce.  29 U.S.C. § 207(a)(1).

21        67.    Sprint is subject to the overtime pay requirements of the FLSA because it is an

22  enterprise engaged in interstate commerce and its employees are engaged in commerce.

23        68.    Sprint violated the FLSA by failing to pay for overtime.  In the course of perpetrating

24  these unlawful practices, Sprint has also willfully failed to keep accurate records of all hours worked

25  by its employees.

26        69.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of

27  employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs or ASRs.

28

70.    Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all ASRs in Sprint's Rancho Cordova, California facility.

71.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Sprint acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

72.    Sprint has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Sprint did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an aware of prejudgment interest at the applicable legal rate.

73.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Sprint from Plaintiff and all similarly situated employees. Accordingly, Sprint is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SIXTH CAUSE OF ACTION

### Violation of the California Business and Professions Code §§ 17200, *et seq.*

### (Brought Against Sprint by Plaintiffs Individually and on Behalf of All Others Similarly Situated)

74.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 73.

75.    Sprint's violations of California law described above related to the payment of wages, meal and rest periods, the payment of wages due and owing at the time of termination of employment, and itemized wage statements constitute unlawful business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

76.    Sprint's violations of the FLSA described above, including but not limited to the failure to maintain accurate employee time records, the failure to pay wages earned, and the failure to pay overtime compensation , constitute unlawful business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

77.    Upon information and belief, Sprint continues its unlawful and unfair conduct as previously described.  As a result of said conduct, Sprint has unlawfully and unfairly obtained monies due to Plaintiffs and are unfairly competing in the marketplace.

78.    Plaintiffs are entitled to restitution of monies due, as well as disgorgement of the ill-gotten gains obtained by Sprint, for a period of four years predating the filing of this Complaint.

79.    As a direct and proximate result of Sprint's conduct, Plaintiffs are entitled to a preliminary and permanent injunction enjoining Sprint from continuing the unlawful and unfair practices described above, and to such other equitable relief as is appropriate under California Business and Professions Code § 17203, including restitution.

80.    Plaintiffs are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Sprint to cease its unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, prays for relief as follows:

1.    An order certifying that the First, Second, Third, Fourth, and Sixth Causes of Action may be maintained as a class action pursuant to California Code of Civ. Pro. § 382.

2.    An order certifying that the Fifth Cause of Action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b).

3.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial.

4.    An order enjoining Sprint from pursuing the unlawful policies, acts and practices complained of herein.

1    5.    Attorneys' fees pursuant to, *inter alia*, California Labor Code §§ 218.5, 226(e), 1194(a),

2    Code of Civ. Pro. § 1021.5; and pursuant to the Fair Labor Standards Act of 1938.

3    6.    Costs of this suit.

4    7.    Pre- and post-judgment interest; and

5    8.    Such other and further relief as the Court deems just and proper.

6                                    **DEMAND FOR JURY TRIAL**

7        Plaintiffs hereby request a trial by jury of all issues triable by jury.

8    Dated: May ____18____, 2007                    Respectfully submitted,

9

10                                                    _____
                                                     DAVID BORGEN, CA Bar No. 099354
11                                                   LAURA L. HO, CA Bar No. 173179
                                                     GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
12                                                   DARDARIAN
                                                     300 Lakeside Drive , Suite 1000
13                                                   Oakland, California  94612
                                                     Email:  dborgen@gdblegal.com
14                                                   Tel:  510-763-9800
                                                     Fax:  510-835-1417
15
                                                     GEORGE A. HANSON
16                                                   (pro hac vice application forthcoming)
                                                     NORMAN E. SIEGEL
17                                                   (pro hac vice application forthcoming)
                                                     MATTHEW L. DAMERON
18                                                   (pro hac vice application forthcoming)
                                                     STUEVE SIEGEL HANSON LLP
19                                                   330 West 47th Street, Suite 250
                                                     Kansas City, Missouri  64112
20                                                   Tel:  816-714-7100
                                                     Fax:  816-714-7101
21

22                                                   ATTORNEYS FOR PLAINTIFFS

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED - CASE NO. _____

# EXHIBIT B

DAVID BORGEN, CA Bar No. 099354
LAURA L. HO, CA Bar No. 173179
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, California 94612
Email: dborgen@gdblegal.com
Tel: 510-763-9800
Fax: 510-835-1417

GEORGE A. HANSON (pro hac vice application forthcoming)
NORMAN E. SIEGEL (pro hac vice application forthcoming)
MATTHEW L. DAMERON (pro hac vice application forthcoming)
STUEVE SIEGEL HANSON, LLP
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
Tel: 816-714-7112
Fax: 816-714 7101

Attorneys for Plaintiffs

**E-FILED**
SAN MATEO COUNTY

**MAY 18, 2007**

Clerk of the Superior Court
By _____ **U. FINAU**
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| JENA LIPNICK AND JENNIFER FONG, individually, and on behalf of a class of others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>SPRINT / UNITED MANAGEMENT COMPANY and<br>SPRINT NEXTEL CORPORATION,<br><br>            Defendants. | **CLASS ACTION**<br><br>Case No.  **CIV 463110**<br><br>**CERTIFICATE RE:  COMPLEX CASE DESIGNATION** |

**CERTIFICATE RE:  COMPLEX CASE DESIGNATION**

1.    In the attached Civil Case Cover Sheet, this case is being designated as a complex case because at least one or more of the following boxes has been checked:

☐    Box 1 – case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

☐    Box 2 – complex [or not complex] due to factors requiring exceptional judicial management.

☒    Box 5 – is a class action suit.

2.    This case is being designated as complex because it is being brought as both a class action under Cal. Code of Civ. Pro. § 382 and as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). This case involves hundreds of putative class and collective action members within the State of California. The case will require numerous pretrial motions that will be time-consuming to resolve, including possible class and collective action certification and decertification motions, discovery motions, and dispositive motions. The case will also require management of a large number of witnesses (some subset of the hundreds of putative class members and numerous former and current managers of Defendants) and a substantial amount of documentary evidence (at the least, time records and pay records for the hundreds of putative class members).

///
///
///
///
///
///
///

1

1    3.    Based on the above-stated supporting information, there is a reasonable basis for the

2    complex case designation being made in the attached Civil Case Cover Sheet.

3                                           *****

4    I, the undersigned counsel or self-represented party, hereby certify that the above is true and

5    correct and that I make this certification subject to the applicable provisions of California Code of

6    Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200(B) and

7    San Mateo County Superior Court Local Rules, Local Rule 2.30.

8    Dated:  May 18, 2007

9

10                                 LAURA L. HO, CA Bar No. 173179
                                   GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
11                                 DARDARIAN
                                   300 Lakeside Drive , Suite 1000
12                                 Oakland, California  94612
                                   Email:  llh@gdblegal.com
13                                 Tel:  510-763-9800
                                   Fax:  510-835-1417
14

15                                 ATTORNEYS FOR PLAINTIFFS

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1  DAVID BORGEN, CA Bar No. 099354
   LAURA L. HO, CA Bar No. 173179
2  GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
   300 Lakeside Drive, Suite 1000
3  Oakland, California 94612
   Email: dborgen@gdblegal.com
4  Tel: 510-763-9800
   Fax: 510-835-1417
5
6  GEORGE A. HANSON (pro hac vice application forthcoming)
   NORMAN E. SIEGEL (pro hac vice application forthcoming)
   MATTHEW L. DAMERON (pro hac vice application forthcoming)
7  STUEVE SIEGEL HANSON, LLP
   330 West 47th Street, Suite 250
8  Kansas City, Missouri 64112
   Tel: 816-714-7112
9  Fax: 816-714-7101

10  Attorneys for Plaintiffs

11              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN MATEO

13

14  JENA LIPNICK AND JENNIFER FONG,          CLASS ACTION
    individually, and on behalf of a class of others
15  similarly situated,                       Case No.  CIV 463110

16              Plaintiffs,
                                              CONSENT TO BECOME A PARTY
17  vs.                                       PLAINTIFF BY JENNIFER L. FONG

18  SPRINT / UNITED MANAGEMENT
    COMPANY and
19  SPRINT NEXTEL CORPORATION,

20              Defendants.

21

22

23

24

25

26

27

28

E-FILED
SAN MATEO COUNTY
MAY 18, 2007
Clerk of the Superior Court
By _____ U. FINAU
DEPUTY CLERK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 5-13-2007

Printed Name: Jennifer L. Fong

SSHW 0561/62756

EXHIBIT D

1   DAVID BORGEN, CA Bar No. 099354
2   LAURA L. HO, CA Bar No. 173179
    GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
3   300 Lakeside Drive, Suite 1000
    Oakland, California 94612
4   Email: dborgen@gdblegal.com
    Tel: 510-763-9800
5   Fax: 510-835-1417

6   GEORGE A. HANSON (pro hac vice application forthcoming)
    NORMAN E. SIEGEL (pro hac vice application forthcoming)
7   MATTHEW L. DAMERON (pro hac vice application forthcoming)
    STUEVE SIEGEL HANSON, LLP
8   330 West 47th Street, Suite 250
    Kansas City, Missouri 64112
9   Tel: 816-714-7112
    Fax: 816-714-7101

10  Attorneys for Plaintiffs

11

12              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF SAN MATEO

14  JENA LIPNICK AND JENNIFER FONG,         CLASS ACTION
    individually, and on behalf of a class of others
15  similarly situated,                     Case No.  CIV 463110

16                 Plaintiffs,
                                            CONSENT TO BECOME A PARTY
17  vs.                                     PLAINTIFF BY JENA LIPNICK

18  SPRINT / UNITED MANAGEMENT
    COMPANY and
19  SPRINT NEXTEL CORPORATION,

20                 Defendants.

21

22

23

24

25

26

27

28

**E-FILED**
SAN MATEO COUNTY

**MAY 18, 2007**

Clerk of the Superior Court
By _____ **U. FINAU**
       DEPUTY CLERK

1
2
3
4
5
6
'7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 5/13/07

Printed Name: Jena Lipnick (Shoop)

SSHW 0561/62756

# EXHIBIT E

# NOTICE OF CASE MANAGEMENT CONFERENCE

**JENA LIPNICK, ETAL**

**E-FILED**
**SAN MATEO COUNTY**
**MAY 18, 2007**

Clerk of the Superior Court
By _____ **U. FINAU** _____
DEPUTY CLERK

vs.

**SPRINT/UNITED MANAGEMENT CO, ETAL**

Case No. _____ **CIV 463110**

Date: _____ **9/20/07** _____

Time: 9:00 a.m.

Dept. 2 – on Tuesday & Friday
Dept. 8 – on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 3.110).
   b. **Serve** a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. **File and serve** a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30 days** before the date set for the Case Management Conference.

> **2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

EXHIBIT F

*Borgen, LH*

**FILED**
SAN MATEO COUNTY

MAY 21 2007

Clerk of the Superior Court
By _MCnnoy_
DEPUTY CLERK

## NOTICE OF COMPLEX CASE STATUS CONFERENCE

*Lipnick, et al*

vs.

*Sprint / United Mngt*

Case No. *CIV 463770*

Date: *7·18·07*

Time: 9:00 a.m.

Dept. 21

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 1800, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable San Mateo County Local Rule 2.30, you are hereby ordered to:
   a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. **Give** reasonable notice of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 379.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 1800(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 1810) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 1811, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

\* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the Clerk of this Court, and not a party to this cause; that I served the within

### NOTICE OF COMPLEX CASE STATUS CONFERENCE

On the below date by placing a copy thereof in separate sealed envelopes addressed

DAVID A. BORGEN, ESQ.
LAURA L. HO, ESQ.
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

at the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States mail at Redwood City, California

May 21, 2007

JOHN C. FITTON
Court Executive Officer

by _____
    Deputy Clerk

# EXHIBIT G

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   E. JEFFREY GRUBE (SB# 167324)
2  jeffgrube@paulhastings.com
   ELIZABETH A. FALCONE (SB# 219084)
3  elizabethfalcone@paulhastings.com
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA 94105
5  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
6
   Attorneys for Defendants
7  SPRINT/UNITED MANAGEMENT COMPANY and
   SPRINT NEXTEL CORPORATION
8

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN 1 4 2007

Clerk of the Superior Court
By _____ M. YOUNG _____
        DEPUTY CLERK

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN MATEO

11

12  JENA LIPNICK AND JENNIFER FONG,      CASE NO. CIV 463110
    individually, and on behalf of a class of
13  others similarly situated,            DEFENDANTS' ANSWER TO
                                          PLAINTIFFS' UNVERIFIED COMPLAINT
14              Plaintiffs,               FOR DAMAGES
                                                          BY FAX
15          vs.

16  SPRINT/UNITED MANAGEMENT
    COMPANY and SPRINT NEXTEL
17  CORPORATION,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFFS' COMPLAINT

1    TO PLAINTIFFS JENA LIPNICK AND JENNIFER FONG AND TO THEIR ATTORNEYS OF

2    RECORD, DAVID BORGEN, ESQ., LAURA HO, ESQ., AND THE LAW FIRM OF

3    GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN, AND GEORGE A.

4    HANSON, ESQ., NORMAN E. SIEGEL, ESQ., AND MATTHEW L. DAMERON, ESQ., AND

5    THE LAW FIRM OF STUEVE SIEGEL HANSON LLP:

6

7        Defendants Sprint/United Management Company and Sprint Nextel Corporation

8    ("Defendants"), for themselves alone and no other defendant, hereby answer the unverified

9    Complaint for Damages ("Complaint") of Plaintiffs Jena Lipnick and Jennifer Fong ("Plaintiffs")

10   as follows:

11

12        1.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

13   Defendants deny, generally and specifically, each and every allegation in Plaintiffs' Complaint.

14

15        2.    Defendants further deny, generally and specifically, that Plaintiffs are

16   entitled to the relief requested, or that Plaintiffs have been or will be damaged in any sum, or at

17   all, by reason of any act or omission on the part of Defendants, or any of their past or present

18   agents, representatives, or employees.

19

20        Without admitting any facts alleged by Plaintiffs, Defendants also plead the

21   following separate and affirmative defenses to the Complaint:

22

23                    AFFIRMATIVE DEFENSES

24

25             FIRST SEPARATE AND AFFIRMATIVE DEFENSE

26

27        3.    The Complaint, and each purported cause of action contained therein, fails

28   to state facts sufficient to constitute a cause of action.

-2-

1          SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2

3          4.     Plaintiffs are estopped from pursuing the claims in the Complaint, and each

4     purported cause of action contained therein, by reason of Plaintiffs' own actions and course of

5     conduct.

6

7          THIRD SEPARATE AND AFFIRMATIVE DEFENSE

8

9          5.     Plaintiffs have waived the right, if any, to pursue the claims in the

10     Complaint, and each purported cause of action contained therein, by reason of Plaintiffs' own

11     actions and course of conduct.

12

13          FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

14

15          6.     The Complaint, and each alleged cause of action contained therein, is

16     barred in whole or in part by all applicable statutes of limitation, including but not limited to

17     California Code of Civil Procedure Sections 335.1, 338, and 340, California

18     Business & Professions Code Section 17208, and 29 U.S.C. § 255, *et seq.*

19

20          FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

21

22          7.     The named Plaintiffs fail to satisfy the prerequisites for class or

23     collective-action certification and, therefore, cannot represent the interests of others.

24

25          SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

26

27          8.     The named Plaintiffs lack standing to assert the legal rights or interests

28     of others.

-3-

ANSWER TO PLAINTIFFS' COMPLAINT

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

9.     Certain of the interests of the class of persons Plaintiffs purport to represent are in conflict with the interests of all or certain sub-groups of the class of persons Plaintiffs purport to represent.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

10.     The Complaint, and each alleged cause of action contained therein, is barred during any time periods when Plaintiffs and the class of persons Plaintiffs purport to represent were and/or are exempt from applicable overtime laws.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

11.     The alleged causes of action alleging failure to pay wages for all hours worked are barred in whole or in part by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs and/or members of the class of persons Plaintiffs purport to represent were engaged in activities which were preliminary or postliminary to their principal activities.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

12.     The alleged cause of action for meal period violations is barred with regard to all days when Plaintiffs and/or the members of the purported class they seek to represent waived their right, if any, to meal periods.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.    The Complaint, and each purported cause of action set forth therein, is barred to the extent Plaintiffs or any of the members of the purported class they seek to represent signed a valid general release of employment claims, thereby extinguishing their rights to bring the claims asserted herein.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

14.    The Complaint, and each purported cause of action set forth therein, is barred in whole or in part to the extent that Defendants paid Plaintiffs and/or any of the members of the purported class they seek to represent money allegedly due for time worked, missed meals, or missed breaks.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.    The Complaint, and each claim for relief contained therein, is barred by the doctrine of *res judicata* to the extent Plaintiffs and/or any member of the purported class pursued and resolved to final judgment any claim alleged in the Complaint.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.    The Complaint, and each claim for relief contained therein, is barred to the extent Plaintiffs and/or any member of the purported class entered into an accord of any claim asserted in this lawsuit, which accord has been satisfied.

-5-

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.     Any violation of the California Labor Code or Fair Labor Standards Act was an act or omission made in good faith and Defendants had reasonable grounds for believing that the act or omission was not a violation, so liquidated damages should not be awarded.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.     The Complaint fails to state a claim for penalties under California Labor Code Section 203 in that there is a good faith dispute as to Defendants' obligation to pay any wages which Plaintiffs allege are due.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.     Defendants are entitled to a setoff of any monetary damages Plaintiffs and/or the purported class members recover against Defendants herein.  Cal. Code Civ. Proc. § 431.70.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20.     The Complaint, and each and every purported cause of action alleged therein, is barred to the extent that any recovery from Defendants would result in Plaintiffs' and/or the purported class members' unjust enrichment.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

21.     Plaintiffs are not entitled to any injunctive or declaratory relief because they have an adequate remedy at law.

-6-

1         WHEREFORE, Defendants pray for judgment as follows:

2

3            1.      That class certification and/or collective action status be denied;

4

5            2.      That Plaintiffs and/or the class they seek to represent take nothing by

6 reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that

7 judgment be entered for Defendants;

8

9            3.      That Defendants be awarded their reasonable costs and attorneys' fees; and

10

11            4.      That Defendants be awarded such other and further relief as the Court

12 deems just and proper.

13

14 DATED:  June 14, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        E. JEFFREY GRUBE

15                                         ELIZABETH A. FALCONE

16

17          By:_____
                                      E. JEFFREY GRUBE

18          Attorneys for Defendants

19          SPRINT/UNITED MANAGEMENT COMPANY AND
         SPRINT NEXTEL CORPORATION

20

21 LEGAL_US_W # 56453436.2

22

23

24

25

26

27

28

ANSWER TO PLAINTIFFS' COMPLAINT

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is: 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105-3441.

On June 14, 2007, I served the foregoing document described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**UNVERIFIED COMPLAINT FOR DAMAGES**

on the interested parties by placing a true and correct copy thereof in a sealed envelope addressed:

| | |
|---|---|
| David Borgen, Esq. (SB #099354) | Telephone:    (510) 763-9800 |
| Laura L. Ho, Esq. (SB #173179) | Facsimile:    (510) 835-1417 |
| GOLDSTEIN, DEMCHAK, BALLER, | |
|   BORGEN & DARDARIAN | Attorneys for Plaintiffs |
| 300 Lakeside Drive, Suite 1000 | *Jena Lipnick* and *Jennifer Fong* |
| Oakland, CA 94612 | |

| | |
|---|---|
| George A. Hanson, Esq. (*courtesy copy*) | Telephone:    (816) 714-7100 |
| Norman A. Siegel, Esq. | Facsimile:    (816) 714-7101 |
| Matthew L. Dameron, Esq. | |
| STUEVE SIEGEL HANSON LLP | Attorneys for Plaintiffs |
| 460 Nichols Road,  Suite 200 | *Jena Lipnick* and *Jennifer Fong* |
| Kansas City, MO 64112 | |

☐    **VIA UPS NEXT DAY AIR:**

By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒    **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope would be deposited with the U.S. postal service on June 14, 2007, with postage thereon fully prepaid, at San Francisco, California.

☐    **VIA PERSONAL DELIVERY:**

I caused to be delivered via *JoshCo. Attorney Services* such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐    **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error.  The facsimile was transmitted to facsimile number (510) 835-1417 on June 14, 2007.  **[Permitted by written agreement of the parties.]**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on June 14, 2007, at San Francisco, California.

_____
Patricia A. Lawson

PROOF OF SERVICE

EXHIBIT H

1
PAUL, HASTINGS, JANOFSKY & WALKER LLP
E. JEFFREY GRUBE (SB# 167324)
2
ELIZABETH A. FALCONE (SB# 219084)
55 Second Street
3
Twenty-Fourth Floor
San Francisco, CA 94105-3441
4
Telephone:    (415) 856-7000
Facsimile:    (415) 856-7100
5
jeffgrube@paulhastings.com
elizabethfalcone@paulhastings.com
6

7
Attorneys for Defendants
SPRINT/UNITED MANAGEMENT COMPANY and
SPRINT NEXTEL CORPORATION
8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                              COUNTY OF SAN MATEO
10

11

12
JENA LIPNICK AND JENNIFER FONG,          CASE NO. CIV 463110
individually, and on behalf of a class of
other similarly situated,                **NOTICE TO ADVERSE PARTIES OF**
13                                        **REMOVAL TO FEDERAL COURT**

14                  Plaintiffs,

15        vs.

16
SPRINT/UNITED MANAGEMENT
COMPANY and SPRINT/NEXTEL
17
CORPORATION,

18                  Defendants.

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

1    TO PLAINTIFFS JENA LIPNICK AND JENNIFER FONG, AND TO THEIR ATTORNEYS

2    OF RECORD, DAVID BORGEN, ESQ., LAURA L. HO, ESQ., GEORGE A. HANSON, ESQ.,

3    NORMAN E. SIEGEL, ESQ., AND MATTHEW L. DAMERON, ESQ.:

4

5         PLEASE TAKE NOTICE THAT Notice of Removal to Federal Court of this action was

6    filed in the United States District Court for the Northern District of California on June 18, 2007.

7    A copy of the Notice of Removal to Federal Court is attached to this Notice, and is served and

8    filed herewith.

9

10   DATED:  June 18, 2007              PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        E. JEFFREY GRUBE
11                                      ELIZABETH A. FALCONE

12                                      By:_____
13                                              E. JEFFREY GRUBE

14                                      Attorneys for Defendants
                                        SPRINT/UNITED MANAGEMENT COMPANY and
15                                      SPRINT NEXTEL CORPORATION

16   LEGAL_US_W # 56457919.2

17

18

19

20

21

22

23

24

25

26

27

28

                                        -2-
─────────────────────────────────────────────────────────────
         NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

# EXHIBIT I

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   E. JEFFREY GRUBE (SB# 167324)
2  ELIZABETH A. FALCONE (SB# 219084)
   55 Second Street
3  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
4  Telephone:    (415) 856-7000
   Facsimile:    (415) 856-7100
5  jeffgrube@paulhastings.com
   elizabethfalcone@paulhastings.com
6
   Attorneys for Defendants
7  SPRINT/UNITED MANAGEMENT COMPANY and
   SPRINT NEXTEL CORPORATION
8
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                            COUNTY OF SAN MATEO
10
11 JENA LIPNICK AND JENNIFER FONG,          CASE NO. CIV 463110
   individually, and on behalf of a class of
12 other similarly situated,                 **NOTICE TO STATE COURT OF
                                             REMOVAL TO FEDERAL COURT**
13              Plaintiffs,
14        vs.
15 SPRINT/UNITED MANAGEMENT
   COMPANY and SPRINT/NEXTEL
16 CORPORATION,
17              Defendants.
18
19
20
21
22
23
24
25
26
27
28

-1-

1  TO THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA,

2  COUNTY OF SAN MATEO:

3

4        Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

5  to Federal Court, removing this action to the United States District Court for the Northern District

6  of California, the original of which was filed with the United States District Court for the

7  Northern District of California on June 18, 2007. Notice of removal also will be given to the

8  Plaintiffs forthwith.

9

10       The filing of said Notice of Removal effects the removal of the above-entitled

11 action from this Court.

12 DATED:  June 18, 2007        PAUL, HASTINGS, JANOFSKY & WALKER LLP

13                         E. JEFFREY GRUBE
                           ELIZABETH A. FALCONE

14

15

16                         By: _____

                             E. JEFFREY GRUBE

17                         Attorneys for Defendants

18                         SPRINT/UNITED MANAGEMENT COMPANY and
                        SPRINT NEXTEL CORPORATION

19 LEGAL_US_W # 56458052.1

20

21

22

23

24

25

26

27

28

NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT