1  E. JEFFREY GRUBE (SB# 167324)
   ELIZABETH A. FALCONE (SB# 219084)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
3  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
4  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
5  jeffgrube@paulhastings.com
   elizabethfalcone@paulhastings.com
6

7  HUNTER R. HUGHES (*pro hac vice*)
   ASHLEY R. HURST (*pro hac vice*)
8  ROGERS & HARDIN LLP
   229 Peachtree St., NE
9  International Tower, Suite 2700
   Atlanta, GA 30303
10 Telephone:  (404) 522-4700
   Facsimile:  (404) 525-2224
11 AHurst@rh-law.com
   HHughes@rh-law.com
12

13 Attorneys for Defendants
   SPRINT/UNITED MANAGEMENT COMPANY and
14 SPRINT NEXTEL CORPORATION

15                     UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18 JENA LIPNICK AND JENNIFER FONG,          CASE NO. C-07-3200 MMC
   individually, and on behalf of a class of
19 other similarly situated,                **NOTICE OF PENDENCY OF OTHER
                                            ACTION OR PROCEEDING**
20                 Plaintiffs,

21         vs.

22 SPRINT/UNITED MANAGEMENT
   COMPANY and SPRINT NEXTEL
23 CORPORATION,

24                 Defendants.

25

26

27

28

1   TO THE HONORABLE JUDGE MAXINE M. CHESNEY, TO PLAINTIFFS JENA LIPNICK

2   AND JENNIFER FONG, AND TO THEIR ATTORNEYS OF RECORD, DAVID BORGEN,

3   ESQ., LAURA L. HO, ESQ., GEORGE A. HANSON, ESQ., NORMAN E. SIEGEL, ESQ.,

4   AND MATTHEW L. DAMERON, ESQ.:

5

6           PLEASE TAKE NOTICE THAT: Defendants Sprint/United Management

7   Company and Sprint Nextel Corporation hereby provide notice of the pendency of the following

8   action, which involves a material part of the same subject matter as this action, involves the same

9   defendants, and involves a subset of the same purported class members:

10

11          1.    **Description of Related Action:**    The related action, *Bruner v.*

12  *Sprint/United Management Company and Sprint Nextel Corporation*, is a purported class action

13  brought under the Fair Labor Standards Act ("FLSA") and seeking collective action status on

14  behalf of a purported nationwide class of employees working in Sprint call centers. The *Bruner*

15  action alleges that Defendants failed to pay call center employees wages and overtime

16  compensation and failed to compensate employees for time spent working pre-shift and post-shift.

17  A copy of the *Bruner* complaint is attached as **Exhibit A**.

18

19          2.    **Title and Location:**    *Brandi Bruner, et al. v. Sprint/United Management*

20  *Company and Sprint Nextel Corporation*, Case No. 07-2164 KHV, United States District Court

21  for the District of Kansas, complaint filed April 24, 2007.[1]

22

23          3.    **Relationship of Actions/Coordination:**

24

25          (A)    The *Bruner* case alleges an FLSA claim that may overlap with the FLSA

26  claim in this case. However, the *Bruner* case seeks to certify a nationwide class, and the instant

27

28  [1] Defendants shortly will be filing a motion to change venue of *Bruner* to the Northern District of
    Texas, Ft. Worth Division.

1   case (the *Lipnick* case), pertains only to California call center employees.  Moreover, the instant

2   case alleges certain violations of the California Labor Code and California Business &

3   Professions Code that are unique to California employees.

4

5             (B)    Defendants do not believe that coordination would avoid conflicts,

6   conserve resources, or promote efficient determination of the *Lipnick* action given the different

7   facts and circumstances surrounding the events relating to the claims of the different Plaintiffs in

8   *Bruner*.

9

10            (C)    Defendants are presently unaware of any related action pending in a state

11  court.

12

13  DATED:  June 27, 2007              E. JEFFREY GRUBE
                                       ELIZABETH A. FALCONE
14                                     PAUL, HASTINGS, JANOFSKY & WALKER LLP

15

16                                     By:_____/S/_____
                                                    E. JEFFREY GRUBE
17

18                                     Attorneys for Defendants
                                       SPRINT/UNITED MANAGEMENT COMPANY and
19                                     SPRINT NEXTEL CORPORATION

20  LEGAL_US_W # 56458250.1

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDI R. BRUNER, individually, and on
behalf of a class of others similarly situated,

                        Plaintiffs,

    v.

SPRINT / UNITED MANAGEMENT
COMPANY, a Kansas corporation,
Serve:  Corporation Service Company
          200 Southwest 30th Street
          Topeka, Kansas 66611
and

SPRINT NEXTEL CORPORATION,
a Kansas corporation,
Serve:  Corporation Service Company
          200 Southwest 30th Street
          Topeka, Kansas 66611

                     Defendants.

Case No. 07-2164 KHV

**JURY TRIAL DEMANDED**

## COMPLAINT

      Plaintiff, Brandi R. Bruner, individually and on behalf of all others similarly situated, by

and through her counsel, for her Complaint against Sprint/United Management Company and

Sprint Nextel Corporation (collectively "Sprint" or "Defendants") hereby states and alleges as

follows:

      1.      Sprint provides communication services to consumers nationwide.  Sprint's

practice and policy is to deny wages and overtime pay to its customer specialist ("CS")

employees at its call center facilities.  Sprint's deliberate failure to pay employees their earned

wages and overtime compensation violates the Fair Labor Standards Act ("FLSA").

      2.      Plaintiff previously worked as a CS at Sprint's call center facilities in Fort Worth,

Texas, and Oklahoma City, Oklahoma.  This lawsuit is brought as a collective action under the

FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed in Sprint call centers nationwide.

3.     The United States Supreme Court recently held that, among other things, preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). Although *Alvarez* arose in the donning and doffing context in a meat processing plant, its holding is directly applicable to the customer service call centers operated by Sprint.

4.     Plaintiff and similarly situated employees engage in numerous preparatory activities, as well as related work activities performed over breaks and at the end of the work day, that are integral and indispensable for them to perform their customer service duties.  It is Sprint's policy and practice not to pay CSs for this work time, and consequently CSs are consistently working "off the clock" and without pay.  Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiff and all similarly situated employees are entitled to compensation for the time they spend working pre-shift, post-shift and over unpaid meal breaks.

## JURISDICTION AND VENUE

5.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants are Kansas corporations.

## PARTIES

7.     Sprint/United Management Company is a Kansas corporation with its principal place of business in Overland Park, Kansas.  Sprint/United Management Company is a wholly-

owned subsidiary of Sprint Nextel Corporation. Sprint/United Management Company does business in the State of Kansas and nationwide.

8.    Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Reston, Virginia. Sprint Nextel Corporation does business in the State of Kansas and nationwide.

9.    Plaintiff currently is a resident of Texas. Plaintiff previously worked as a CS at Sprint's call center in Oklahoma City, Oklahoma, from approximately October 2005 to March 2006. More recently, Plaintiff worked as a CS at Sprint's call center in Forth Worth, Texas, from approximately March 2006 to October 2006. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

10.    Sprint operates call centers in several states across the country. Upon information and belief, Sprint operates call centers in the following locations: Charlotte, North Carolina; Rio Rancho, New Mexico; Bristol, Virginia; Elmsford, New York; Sacramento, California; Fort Worth, Texas; Orlando, Florida; Oklahoma City, Oklahoma; Hampton, Virginia; and Temple, Texas.

11.    The principal job duty of a Sprint CS is to take inbound calls from new or existing Sprint customers in order to activate or update accounts, assist with billing inquiries, and handle service or equipment issues. CSs also update and educate customers on Sprint products and services while selling and/or suggesting Sprint services.

12.    Sprint paid Plaintiff and its other CS workers on an hourly basis, and classified Plaintiff and other CS as "non-exempt" under the FLSA.

13.    CSs at Sprint's facilities are not allowed to accurately or independently record the time they work. Instead, Sprint provides CSs at its Oklahoma City facility with a weekly

timesheet that already designates the hours worked. For example, a timesheet provided by Sprint will designate the CS's time worked as reflecting only their scheduled shift for a total of forty (40) hours per week. Sprint CSs are not allowed to change the times of their shifts, even if they work in excess of forty (40) hours per week. At its Fort Worth facility, Sprint also pre-populates timesheets, but it does not circulate timesheets to CSs.

14.     The forty (40) hours per week on Sprint's timesheets reflects only the time that CSs are actually answering calls from Sprint customers. The timesheets do not include time that CSs spend performing integral and indispensable job duties performed pre-shift, post-shift and over unpaid meal breaks.

15.     According to Sprint policy, CSs must be "ready to work" at the beginning of their scheduled shift. "Ready to work" means that the CS must be ready to answer a call from a Sprint customer.

16.     A number of critical tasks must be performed before a CS is ready to answer a call from a Sprint customer. Those tasks include: (1) booting up computers; (2) logging on to Sprint's network; (3) opening relevant computer programs; (4) reviewing memoranda and e-mail relating to Sprint's promotions and other services; (5) performing "reworks" or follow-ups with customers or summarizing notes from previous telephone calls; and (6) completing other essential tasks. CSs perform many of these essential tasks before their shifts begin, during their designated lunch breaks, and after their shifts are completed.

17.     Sprint does not pay its CSs for these integral and indispensable tasks that are necessary for the CSs' principal activity of assisting Sprint customers. Moreover, the time spent performing these tasks is not included on the pre-populated timesheets that Sprint provides to its CSs and Sprint does not allow CSs to add the time spent performing these duties on their timesheets.

18.     The CSs' review of memoranda and materials concerning Sprint's methods and procedures is particularly important and time consuming due to the nature of their work. CSs provide advice and expert assistance to Sprint's customers. Thus, CSs need to be knowledgeable about the range of equipment and services being provided by Sprint, including billing rates and policies, equipment prices and features, and policies for crediting overcharged customers. With such information constantly changing, CSs are required to continually update themselves on the latest information. Time spent by Sprint's CSs reviewing the memoranda and updated materials is generally not recorded or compensated.

19.     Another example of employees working off the clock involves seating assignments. Sprint does not have designated workstations for CS employees. Consequently, CSs must arrive to work early in part to ensure they have sufficient time to find a seat before their shift starts. Significant time spent looking for a seat, waiting for a seat, and changing the location of a CS's workstation, is all performed on an employee's own time and off the clock.

20.     Sprint could easily and accurately record the actual time CS employees spend working including, for example, by placing a time clock at the door of the call center. In fact, Sprint requires CS employees to swipe a security badge that automatically records when they arrive at and leave the call center, but this system is not used for payroll. Instead, Sprint provides CSs with pre-populated timesheets that reflect their scheduled forty-hour workweek and does not allow them to add additional time, even though CSs are routinely required to work in excess of forty (40) hours per week.

21.     Sprint follows the same policy and practice with respect to CSs at its Oklahoma and Texas facilities. Upon information and belief, Sprint is adhering to the same policy and practice with respect to CSs at all its other call centers nationwide.

22.     The net effect of Sprint's policy and practice, instituted and approved by company managers, is that Sprint willfully fails to pay overtime compensation and willfully fails to keep accurate time records in order to save payroll costs.  Sprint enjoys ill-gained profits at the expense of its hourly employees.

23.     Because they share common management, as well as common payroll policies and practices, Sprint/United Management Company and Sprint Nextel Corporation are jointly and severally liable to CSs for their violation of the FLSA.

## COLLECTIVE ALLEGATIONS

24.     Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

25.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Sprint's practice of failing to accurately record all hours work and failing to pay employees for all hours worked, including overtime compensation.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Sprint, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Sprint by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

27.     Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 26.

28.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

29.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30.    Sprint is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

31.    Sprint violated the FLSA by failing to pay for overtime.   In the course of perpetrating these unlawful practices, Sprint has also willfully failed to keep accurate records of all hours worked by its employees.

32.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiff or CSs.

33.    Plaintiff and all similarly situated employees are victims of a uniform and facility-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all CSs in Sprint's Oklahoma City, Oklahoma, and Forth Worth, Texas facilities.   Upon information and belief, Sprint is applying the same unlawful compensation policy to its hourly employees in its other call centers located nationwide.

34.    Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Sprint acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

35.     Sprint has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Sprint did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an aware of prejudgment interest at the applicable legal rate.

36.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Sprint from Plaintiff and all similarly situated employees.  Accordingly, Sprint is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly-situated employees demand judgment against Sprint and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial.

**Dated:**          April 24, 2007

Respectfully submitted,

**STUEVE SIEGEL HANSON WOODY LLP**

_(signature)_

George A. Hanson          KS Bar # 16805
Email: hanson@sshwlaw.com
Matthew L. Dameron          KS Bar # 21071
Email: dameron@sshwlaw.com
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
Tel:    816-714-7112
Fax:    816-714-7101

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT A

Case 2:07-cv-02164-KHV-DJW    Document 1-2    Filed 04/24/2007    Page 1

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 4/3/07

Printed Name: Brandi Bruner