DAVID BORGEN, CA Bar No. 099354
dborgen@gdblegal.com
LAURA L. HO, CA Bar No. 173179
lho@gdblegal.com
JINNY KIM, CA Bar No. 208953
jkim@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (fax)

GEORGE A. HANSON, (admitted pro hac vice)
hanson@stuevesiegel.com
NORMAN E. SIEGEL (admitted pro hac vice)
siegel@stuevesiegel.com
MATTHEW L. DAMERON, (pro hac forthcoming)
dameron@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 714-7100
(816) 714-7101 (fax)

Attorneys for Plaintiffs and the Class

*Defendants' Counsel Listed on Next Page.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENA LIPNICK AND JENNIFER FONG, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY, And SPRINT NEXTEL CORPORATION,<br><br>Defendant. | Case No.: C07-03200 MMC<br><br>CLASS/COLLECTIVE ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' JOINT MOTION FOR TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS PURSUANT TO 28 U.S.C. § 1404(a)** |

17466-2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' JOINT MOTION FOR TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS PURSUANT TO 28 U.S.C. § 1404(a)- CASE NO.: C07-03200 MMC

```
 1  E. JEFFREY GRUBE, CA Bar No. 167324
    jeffgrube@paulhastings.com
 2  ELIZABETH A. FALCONE, CA Bar No. 219084
    elizabethfalcone@paulhastings.com
 3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
 4  Twenty-Fourth Floor
    San Francisco, CA  94105-3441
 5  (415) 856-7000
    (415) 856-7100 (fax)
 6
    HUNTER R. HUGHES (admitted pro hac vice)
 7  HHughes@rh-law.com
    ASHLEY R. HURST (admitted pro hac vice)
 8  AHurst@rh-law.com
    ROGERS & HARDIN LLP
 9  2700 International Tower
    Peachtree Center
10  229 Peachtree Street, N.E.
    Atlanta, GA  30303
11  (404) 522-4700
    (404) 525-2224 (fax)
12
    Attorneys for Defendants
13  SPRINT/UNITED MANAGEMENT COMPANY and
    SPRINT NEXTEL CORPORATION
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
    17466-2
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' JOINT MOTION FOR TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS PURSUANT TO 28 U.S.C. § 1404(a)- CASE NO.: C07-03200 MMC

The parties hereby jointly request that this Court transfer the above-captioned matter to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a). In support of their Motion, the parties submit the following:

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   *Bruner* (District of Kansas)

In April 2007, Plaintiffs commenced a lawsuit against Sprint/United Management Company and Sprint Nextel Corporation on behalf of telephone-dedicated customer specialists who worked in Sprint's call centers; the lawsuit alleged that Sprint violated the Fair Labor Standards Act ("FLSA") with respect to customer specialists. The initial case was styled *Bruner, et al. v. Sprint/United Management Co., et al.*, Case No. 07-2164 (D. Kan.). *Bruner* is pending in the United States District Court for the District of Kansas. The *Bruner* Plaintiffs are pursuing their FLSA claim as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

### B.   *Lipnick* (Northern District of California)

In May 2007, Plaintiffs commenced a lawsuit against the same defendants as the *Bruner* action on behalf of telephone-dedicated customer specialists who worked for Sprint in the State of California. The California case was styled *Lipnick, et al. v. Sprint/United Management Co., et al.*, Case No. C07-03200 MMC (N.D. Cal.).[1] The *Lipnick* Complaint alleged Sprint violated the FLSA, as well as California wage and hour laws. The *Lipnick* Plaintiffs are pursuing their FLSA claim as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and their California state law claims as opt-out class actions pursuant to Fed. R. Civ. P. 23.

### C.   *Almonte* (Southern District of New York)

In June 2007, Plaintiffs commenced a lawsuit against the same defendants as the *Bruner* action on behalf of telephone-dedicated customer specialists who worked for Sprint in the State of New York; Plaintiffs also named Nextel of New York as a defendant. The New York case was styled *Almonte, et al. v. Sprint/United Management Co., et al.*, Case No. 1:07-CV-06065 (S.D.N.Y.). In September 2007,

---

[1] *Lipnick* initially was filed in the Superior Court of the State of California for the County of San Mateo. Sprint subsequently removed *Lipnick* to this Court.

it was stipulated and ordered that the Sprint Defendants be dismissed and that they only remaining defendant in the case would be Nextel of New York, Inc. The *Almonte* Complaint alleged Nextel of New York violated the FLSA, as well as New York wage and hour laws. The *Almonte* Plaintiffs are pursuing their FLSA claim as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and their New York state law claims as opt-out class actions pursuant to Fed. R. Civ. P. 23.

**D.    Mediation and Settlement**

The parties agreed to engage in joint mediation to attempt to reach a global settlement of the lawsuits. In December 2007, the parties in all three cases mediated the matter in Kansas City, Missouri. The parties did not reach an agreement at the mediation session, but they continued their negotiations. In late February 2008, the parties finalized a Settlement Term Sheet that outlines the material provisions of an agreement for all three pending cases. The Settlement Term Sheet contemplates that the *Almonte* and *Lipnick* actions will be transferred to the United States District Court for the District of Kansas and then consolidated for settlement approval proceedings.

## II.    TRANSFER TO THE DISTRICT OF KANSAS IS APPROPRIATE

Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Courts employ a "flexible and individualized" analysis in evaluating whether to transfer an action, and section 1404 "is intended to place discretion in the district court to adjudicate motions for transfer." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988).

Transferring this case to one court for consolidated settlement proceedings serves the convenience of the parties because they will have to seek approval of the settlement in one forum only rather than three separate courts. Streamlining settlement in a single court also will ensure that communications to putative class members are consistent, thereby minimizing confusion. Also, if individuals seek to opt out of or object to the settlement, they will have to contact only one court.

Transfer also will serve the interest of justice. Aside from the reasons articulated above, transfer will increase judicial efficiency by reducing the judicial resources exerted to evaluate the settlement. Also, transfer will minimize the risk of inconsistent judgments regarding the reasonableness of the settlement.

The parties respectfully submit that transfer to the District of Kansas is appropriate under section 1404(a). Transfer facilitates the convenience of the parties, serves the interest of justice, and it is undisputed that the case could have been brought in the District of Kansas. The parties' Motion satisfies the conditions of section 1404(a) and the Court should transfer this case to the District of Kansas for further proceedings.

### III.   CONCLUSION

For the reasons set forth above, the parties respectfully request that the Court grant their Joint Motion for Transfer to the United States District Court for the District of Kansas, take the case management conference currently set for March 21, 2008 at 10:30 a.m. off-calendar and grant any other relief the Court deems just and proper. Pursuant to Civil Local Rule 7-2(c), the parties will submit a proposed order to the Court's chambers for consideration.

Dated: March 18, 2008                    Respectfully submitted

/s/ David Borgen
David Borgen (SBN 99354) dborgen@gdblegal.com
Laura Ho (SBN 173179) lho@gdblegal.com
Jinny Kim (SBN 208953) jkim@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800; Facsimile: (510) 835-1417

George A. Hanson (admitted pro hac vice)
hanson@stuevesiegel.com
Norman E. Siegel (admitted pro hac vice)
siegel@stuevesiegel.com
Matthew L. Dameron (pro hac vice forthcoming)
dameron@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

ATTORNEYS FOR PLAINTIFFS

17466-2

| | |
|---|---|
| DATED: March 18, 2008 | *Elizabeth A. Falcone* (signature)<br>E. JEFFREY GRUBE (CA Bar No. 167324)<br>jeffgrube@paulhastings.com<br>ELIZABETH A. FALCONE (CA Bar No. 219084)<br>elizabethfalcone@paulhastings.com<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>55 Second Street<br>Twenty-Fourth Floor<br>San Francisco, CA 94105-3441<br>(415) 856-7000; Facsimile: (415) 856-7100<br><br>HUNTER R. HUGHES (admitted pro hac vice)<br>HHughes@rh-law.com<br>ASHLEY R. HURST (admitted pro hac vice)<br>AHurst@rh-law.com<br>ROGERS & HARDIN LLP<br>2700 International Tower<br>Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, GA 30303<br>Telephone: (404) 522-4700; Facsimile: (404) 525-2224<br><br>Attorneys for Defendants<br>SPRINT/UNITED MANAGEMENT COMPANY and<br>SPRINT NEXTEL CORPORATION |

17466-2

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' JOINT MOTION FOR TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS PURSUANT TO 28 U.S.C. § 1404(a)- CASE NO.: C07-03200 MMC